## ENTRIES v. STATE.

1. A writ of error will not go directly from the Court of Errors to the Oyer and Terminer.
2. The legislature cannot sanction such a proceeding, as it is one of the prerogatives of the Supreme Court to exercise, in the first instance, jurisdiction in such cases.
3. Final judgments in the Circuit Courts may be transferred to this court by writ of error by a direct procedure; but this is an exceptional case created by the constitution itself.

On error to the Oyer and Terminer of the county of Somerset.

For the plaintiff in error, *John Schomp*.

For the defendant in error, *W. V. Steele*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This writ of error must be dismissed. It is a writ issuing out of this court, directed to the Court of Oyer and Terminer in a criminal case; and it

has been repeatedly held by this court that such a proceeding is inefficacious and void. It is one of the inherent prerogative rights of the Supreme Court, originally possessed by it and established in it by the constitution of the state, to supervise all the errors and irregularities of the inferior tribunals, and when such errors have occurred, the remedy, in the first instance, must be sought in that tribunal. By the constitution the jurisdiction of this court, as a court of the last resort, was not enlarged, except that in the third clause of section 5 of article VI. it is declared that "final judgments in any Circuit Court may be brought by writ of error into the Supreme Court or directly into the Court of Errors and Appeals." This appears to be the only instance in which the makers of the constitution manifest an intention to diminish, in any degree, in favor of this court, the superintendency of the Supreme Court, and in view of this, during the existence of a statute authorizing a procedure similar to the present one, more than one of such writs of error, going from this court to the Oyer, were declared here to be mere nullities.

But there is also another imperfection in the procedure which is of a fatal nature, that is, that the case, which it is designed to lay as a ground of judicial action in this court, is contained in a written statement which, it is said, the attorneys in the case have agreed to. Such a paper is utterly worthless and has no connection with this writ of error, for it is merely annexed, without legal authority, to the writ. and therefore is not brought to this court by it.

The writ must be dismissed.

*For dismissal* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, WHITAKER. 13.